UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARK OSEGUERA-CHAVEZ,<br><br>                          Petitioner,<br>     v.<br>NETHANJAH BREITENBACH,<br><br>                         Respondents. | Case No. 3:24-cv-00047-ART-CSD<br><br>ORDER |

      Petitioner Mark Oseguera-Chavez, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Oseguera-Chavez's Motion for Appointment of Counsel (ECF No. 1-2).

      Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

      Oseguera-Chavez challenges a conviction and sentence imposed by the Second Judicial District Court for Clark County ("state court"). *State of Nevada v. Oseguera-Chavez*, Case No. CR20-1952. On April 26, 2022, the state court entered a judgment of conviction for two counts of lewdness with a minor. The

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

1    state court sentenced Oseguera-Chavez to an aggregate term of life with the
2    possibility of parole after 20 years. Oseguera-Chavez did not file a direct appeal.

3    In January 2023, Oseguera-Chavez filed a state habeas petition. He asserts
4    because his state habeas petition had an incorrect case number, the state district
5    court did not file the state habeas petition. In May 2023, he filed an amended
6    state habeas petition that was dismissed as untimely. Oseguera-Chavez provides
7    that he intends to challenge the state court's ruling and would like to petition the
8    Nevada appellate court to have his timely state habeas petition be reinstated. On
9    January 29, 2024, Oseguera-Chavez filed his federal habeas petition. ECF No. 1-
10   1. On February 22, 2024, he paid the filing fee. ECF No. 5. Oseguera-Chavez
11   indicates that he is filing a "protective petition," to avoid a determination that his
12   federal habeas petition is time-barred.

13   Turning to Oseguera-Chavez's motion for appointment of counsel (ECF No.
14   1-2) to assist him in this habeas action, there is no constitutional right to
15   appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*,
16   784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-
17   37 (2007)). However, an indigent petitioner may request appointed counsel to
18   pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel
19   is generally discretionary. *Id.* (authorizing appointment of counsel "when the
20   interests of justice so require"). But counsel must be appointed if the complexities
21   of the case are such that denial of counsel would amount to a denial of due
22   process, and where the petitioner is so uneducated that he or she is incapable of
23   fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th
24   Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

25   The Court finds that appointment of counsel in this case is in the interests
26   of justice, given, among other things, the procedural history of Oseguera-Chavez's
27   state habeas petition, his rather lengthy aggregate sentence, that his petition may
28   raise relatively complex issues and it is unclear whether he will be able to

adequately articulate his claims in proper person with the resources available to him. Therefore, Oseguera-Chavez's motion for appointment of counsel is granted and the Court will provisionally appoint the Federal Public Defender to represent Oseguera-Chavez.

**IT THEREFORE IS ORDERED:**

1. Petitioner Mark Oseguera-Chavez's Motion for Appointment of Counsel (ECF No. 1-2) is granted.

2. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

3. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

4. The Clerk of the Court will file Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1).

5. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

6. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

Dated this 2nd day of April 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE